```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JEFFREY J. CHARLAP,

                    Plaintiff,           MEMORANDUM AND ORDER

         - against -                     10 CV 6431 (NRB)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Jeffrey J. Charlap ("plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g), challenging a final decision of the Commissioner of Social Security ("Commissioner") finding that plaintiff was not entitled to disability insurance benefits under Title II of the Social Security Act. On May 16, 2011, on consent of the parties, this Court remanded the action to the Commissioner for the purpose of issuing a fully-favorable decision. Presently before the Court is plaintiff's application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

For the reasons stated herein, we grant the plaintiff's application in part.

**DISCUSSION**

Under the EAJA, a court may award fees and expenses to a prevailing party in an action by or against the United States. 28 U.S.C. § 2412(d)(1)(A). Specifically, the EAJA provides:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Id. Thus, eligibility for a fee award under the EAJA requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; [and] (3) that no 'special circumstances make an award unjust.'" Gomez-Beleno v. Holder, 644 F.3d 139, 144 (2d Cir. 2011) (quoting Comm'r v. Jean, 496 U.S. 154, 158 (1990)).

"EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B) . . . ." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). The Court has broad discretion in determining whether the amount of time for which payment is requested was reasonably expended. Aston v. Sec'y of Health & Human Servs., 808 F.2d 9, 11 (2d Cir. 1986). Additionally,

2

pursuant to statute, attorney's fees should be "capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." Gisbrecht, 535 U.S. at 796. However, the Second Circuit recently concluded that "a $150-per-hour rate is much in line with recent cost-of-living adjustments granted by courts of appeals in EAJA cases, and given that the Government does not oppose a cost-of-living increase, we conclude that the $150-per-hour rate here sought is justified on cost-of-living grounds." Gomez-Beleno, 644 F.3d at 147 (internal citation omitted).

Plaintiff requests a fee award of $10,897.95, calculated at the rate of $175.06 per hour for 57.5 hours of attorney work and at the rate of $80.00 per hour for 10.4 hours of paralegal work. The Commissioner does not contest plaintiff's eligibility for a fee award but argues that the hours billed by plaintiff's counsel are excessive. According to the Commissioner, other district courts in this Circuit have found that twenty to forty hours reflects a reasonable expenditure of time in an average social security disability case. See, e.g., Scott v. Astrue, No. 08 Civ. 910A, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011) (reducing fee request by twenty-five percent to "put this case within the 20-40 hour range for routine cases"); Coughlin v. Astrue, No. 06 Civ. 497 (NAM/GJD), 2009 WL 3165744, at *2-4 (N.D.N.Y. Sept. 28, 2009) (noting that "[d]istrict courts in the Second Circuit have held that, on average, an attorney spends

3

twenty to forty hours on routine social security cases" and reducing fee request by twenty percent).

After reviewing the parties' submissions, evaluating the originality and quality of the motion for judgment on the pleadings, and applying this Court's considerable experience with social security litigation -- exceeding thirty-five years -- we have concluded that a recovery by plaintiff of $7500.00 represents a reasonable amount of time expended and reasonable hourly rates for both plaintiff's counsel and his paralegal. The check issued by the Commissioner shall be made payable in a manner consistent with the policy of the Social Security Administration.

## CONCLUSION

For the foregoing reasons, the motion (docket no. 14) is granted in part.

Dated:   New York, New York
         September 8, 2011

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for Plaintiff**
Gary J. Gogerty, Esq.
Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd, PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, NY 12553

**Attorney for Defendant**
Leslie A. Ramirez-Fisher, Esq.
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007